*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF WAYNE RETIREES ASSOCIATION, CHRISTOPHER JOHNSON, TIMOTHY REYNOLDS, ROBERT ENGLISH, EDMUND ROTHFELDER, DANIEL HAMANN, and CHERYL FISHER, on behalf of themselves and all others similarly situated,

        Plaintiffs-Appellants,

v

CITY OF WAYNE,

        Defendant-Appellee.

UNPUBLISHED
October 15, 2019

Nos. 343522; 343916
Wayne Circuit Court
LC No. 17-009118-CK

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I read *Kendzierski v Macomb Co*, 503 Mich 296; 931 NW2d 604 (2019) as controlling this case and so I concur. Nevertheless, I remain confused how contracting to provide something in the future, but then never providing it despite the other party's complete performance, is consistent with the "foundational principle of our contract jurisprudence that parties must be able to rely on their agreements." *Id.* at 313, quoting *Macomb Co v AFSCME Council 25*, 494 Mich 65, 80; 833 NW2d 225 (2013).

In interpreting collective bargaining agreements we are to apply "ordinary principles of contract law." *Harper Woods Retirees v Harper Woods*, 312 Mich App 500, 511; 879 NW2d 897 (2015). The relevant contracts provided that an employee who retired after 25 years of service was entitled to have 100% of his or her premiums for retirement health benefits paid by their former employer. If the employee retired after 20 and 25 years of service, the company was to pay 75% of the premiums; if retirement occurred between 15 and 20 years of service, the company was to pay 50% of those premiums. These promises were made to induce its employees to remain with the company rather than seeking employment elsewhere.

-1-

Pursuant to the CBAs, the consideration offered by the employee was to perform labor as required by the contract over the next three years. The consideration the employer was to provide was to pay the wages and benefits as set forth in the contract. By the plain terms of the agreement, that consideration included providing health care benefits upon retirement to employees who had worked for the employer for at least 15 years. Thus, at the conclusion of each three-year contract, plaintiffs had fully performed their obligation to defendant under the contract. By contrast, at the conclusion of the three-year contract, defendant had still not provided the promised retirement benefits to employees still working. Indeed, by the terms of the contract, that promise could not be fulfilled until such time as the employee stayed with the employer long enough to meet the condition precedent, i.e., that the employee serve at least 15 years in defendant's employ. Once that condition precedent is met in terms of years of service, the employee would be entitled to the retirement benefits promised in each contract for which the employee fulfilled his part of the bargain. Thus, at the time a three-year contract expired, the employer still owed the employee the value of the retirement benefits earned during the term of the contract. That the payment was not yet due does not mean it need not be paid when the condition precedent in years of service was met.

Were we not bound by *Kendzierski*, I would conclude that pursuant to bedrock principles of contract law, any employee who retired after the change in contract language was due the equivalent of the retirement benefits secured by the years of service prior to the change of the contract. For example, if an employee retired with 21 years seniority, 16 years under contracts providing for retirement benefits and 5 years after those benefits were no longer offered, he or she would be entitled to payment of 50% of his or her retiree health premiums (based on 15-20 years seniority), not 75% even though he worked for over 20 years. Similarly, if an employee worked for only 5 years under the old contracts and 10 years after the city eliminated retiree health insurance, then she would be entitled to a pro rata share of the benefit provided after 15 years of employment. And, of course, any employee who did not remain employed by defendant for more than the minimum term prescribed in the contract would not be eligible for the benefit. In this case, however, plaintiffs accrued their years of service entirely under CBAs providing for retiree health care coverage. Accordingly, they would be entitled to the full amount of benefits commensurate to their years of seniority.

Despite my differing views, this case is clearly controlled by *Kendzierski,* and so I concur.

/s/ Douglas B. Shapiro